IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| COLD STONE CREAMERY, INC., ) <br> ) <br> Movant, ) <br> ) <br> v. ) <br> ) <br> FRANCO TREGLIA., ) <br> ) <br> Respondent. ) | **BRIEF IN SUPPORT OF APPLICATION AND MOTION TO CONFIRM ARBITRATION AWARD** |

## STATEMENT OF THE CASE AND FACTS

Cold Stone Creamery, Inc. ("Cold Stone"), entered into three franchise agreements with certain franchisees dated March 23, 2005 (Store No. 1059), January 28, 2004 (Store No. 1328), and March 13, 2004 (Store No. 1414). Respondent Franco Treglia personally guaranteed the obligations of the franchisees under the franchise agreements by written agreements executed contemporaneously with the franchise agreements.

Each franchise agreement provided for binding arbitration to settle any controversy or dispute arising between the parties. Pursuant to this provision, either party was entitled to initiate a proceeding by serving written notice of his or its desire to have an arbitrator review the dispute. A dispute arose with regard to payments due pursuant to the franchise agreements and guaranties. Cold Stone sent written notice to Mr. Treglia and designated Richard N. Goldsmith as arbitrator.

Pursuant to the parties' agreement, the arbitration was held before the American Arbitration Association. The hearing was held on September 24, 2010. Mr. Treglia did not attend the hearing despite notice and opportunity to attend. In the course of the hearing, Cold

Stone submitted and the arbitrator received testimony and evidence establishing a breach of the franchise agreements and guaranties. The arbitrator entered the Arbitration Award on November 15, 2010, resolving the dispute between Cold Stone and Mr. Treglia.

The Arbitration Award entitles Cold Stone to recover from Mr. Treglia the principal amount of $1,000,000.00, which sum is accruing interest at the rate of eighteen percent (18%) per annum from September 24, 2010 until entry of judgment. Pursuant to the Arbitration Award, Mr. Treglia is further liable to Cold Stone for its attorneys' fees in the amount of $7,897.07, which sum is accruing interest at the rate of ten percent (10%) per annum from November 15, 2010 until entry of judgment. The Arbitration Award also requires Mr. Treglia to pay Cold Stone for the AAA arbitration fees in the amount of $8,500.00 and the arbitrator's compensation in the amount of $1,680.00, which sums are accruing interest at the rate of ten percent (10%) per annum from November 15, 2010 until entry of judgment. Further, pursuant to 28 U.S.C. § 1961(a), Cold Stone is entitled to post-judgment interest on the principal amount of $1,018,077.07 at the applicable Federal rate until paid. The total recovery awarded to Cold Stone in the Arbitration Award is $1,018,077.07, plus interest as set forth above.

## ARGUMENT

The Federal Arbitration Act provides that where the agreement between the parties specifies that a judgment of the court shall be entered upon an arbitration award, then either party may apply to the court for entry of an order confirming the arbitration award at any time within one year after the award is made. 9 U.S.C. § 9. The franchise agreements at issue in the dispute between the parties provide for binding arbitration and allow the award to be entered by any court of competent jurisdiction. In accordance with their agreement, Cold Stone obtained the Arbitration Award. The Arbitration Award provides for the recovery of the amounts due

pursuant to the franchise agreement as well as the costs of arbitration and Cold Stone's reasonable attorneys' fees incurred in enforcing the guaranties. Based on these sums, and absent a vacatur, modification, or correction of the Arbitration Award, Cold Stone's motion may not be denied. *See, e.g.*, *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act."). As no grounds exist to correct, vacate, or modify the Arbitration Award, Cold Stone's motion should be granted, the proposed order should be entered, and the Clerk of Court should enter judgment in accordance with the order.

## **CONCLUSION**

For the foregoing reasons, Cold Stone is entitled to entry of an order confirming the Arbitration Award and entering judgment against Mr. Treglia in the principal amount of $1,018,077.07, plus interest accruing on the sum of $1,000,000.00 at the rate of eighteen percent (18%) per annum from September 24, 2010 until entry of judgment, and interest accruing on the sum of $18,077.07 at the rate of ten percent (10%) per annum from November 15, 2010 until entry of judgment, with post judgment interest on the principal amount of $1,018,077.07 at the applicable Federal rate until paid.

Respectfully submitted this the 11th day of March, 2011.

WILLIAMS MULLEN

By:     /s/ Camden R. Webb
    Camden R. Webb
    N.C. State Bar No. 22374
    crwebb@williamsmullen.com
    301 Fayetteville Street, Suite 1700 (27601)
    PO Box 1000
    Raleigh, NC 27602

Telephone: (919) 981-4000
Facsimile: (919) 981-4300
*Attorneys for Cold Stone Creamery, Inc.*