UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-124–RJC–DSC

| COLD STONE CREAMERY, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| FRANCO TREGLIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Cold Stone Creamery, Inc. (Cold Stone)'s timely filed Application and Motion to Confirm Arbitration Award (Doc. No. 1) and supporting brief (Doc. No. 1-5). The defendant, Franco Treglia, did not file any opposition to this motion, and the matter is now ripe for disposition.

Section 9 of the Federal Arbitration Act (FAA) provides that "any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected" pursuant to Section 10 or 11 of the FAA. "Judicial review of arbitration awards is . . . 'among the narrowest known to the law.' " Indus. v. Int'l Chem. Workers Union Counsel, 587 F.3d 648, 652 (4th Cir. 2009) quoting Union Pac. R.R. Co. v. Sheehan, 439 U.S. 89, 91 (1978). Vacatur of an arbitration award is only proper when an arbitrator "strays from interpretation and application of the agreement and effectively, 'dispense[s] his own brand of industrial justice' . . ." League Baseball Players Assn. v. Garvey, 532 U.S. 504, 509 (2001) (internal quotations omitted).

The Court now finds that there are no grounds to vacate, modify, or correct the arbitration award. **IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion for Confirmation of Arbitration Award (Doc. No. 1) is **GRANTED**.

2. The Court hereby enters judgment in accordance with the Award of Arbitrator (Doc. No. 1-4) as follows:

    a) Pursuant to the Award, Treglia is liable to Cold Stone in the principal amount of $1,000,000.00, which sum is accruing interest at the rate of eighteen percent (18%) per annum from September 24, 2010 until paid.

    b) Pursuant to the Award, Treglia is further liable to Cold Stone for its attorneys' fees in the amount of $7,897.07, which sum is accruing interest at the rate of ten percent (10%) per annum from November 15, 2010 until paid.

    c) Pursuant to the Award, Treglia is also liable to Cold Stone for the arbitration fees of the American Arbitration Association in the amount of $8,500.00 and the arbitrator's compensation in the amount of $1,680.00, which sums are accruing interest at the rate of ten percent (10%) per annum from November 15, 2010 until paid.

    d) Pursuant to 28 U.S.C. § 1961(a), Cold Stone is entitled to post-judgment interest on the principal amount of $1,018,077.07 at the applicable Federal rate until paid.

    e) The total net recovery awarded to Cold Stone in the Arbitration Award is therefore $1,018,077.07, plus interest as set forth above.

Signed: August 2, 2011

Robert J. Conrad, Jr.
Chief United States District Judge