IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:11CV124-RJC-DSC

| | |
|---|---|
| COLD STONE CREAMERY, INC., )<br>)<br>Judgment Creditor, )<br>)<br>v. )<br>)<br>FRANCO TREGLIA, )<br>)<br>Judgment Debtor. )<br>)<br>) | MEMORANDUM AND ORDER |

**THIS MATTER** is before the Court on Judgment Creditor Cold Stone Creamery, Inc.'s ("Cold Stone") "Motion for Order to Show Cause," Doc. 11, filed on January 26, 2012, as well as the "Order to Show Cause," Doc. 13, issued by this Court on February 16, 2012 and the "Order to Show Cause," Doc. 14, issued by this Court on March 5, 2012. The Court held a show cause hearing on March 27, 2012.

On December 8, 2011 this Court issued an Order, Doc. 10, on Cold Stone's Motion to Compel ordering Treglia to respond to Cold Stone's First Set of Interrogatories to Discover Assets and First Requests for Production of Documents to Discover Assets (the "Discovery Requests") on or before December 19, 2011 and to pay Cold Stone $1,787.50 in attorneys' fees. Treglia was personally served with a copy of the Order on December 9, 2011 and failed to respond to the Discovery Requests or pay the attorneys' fees as required by the Order.

On January 26, 2012, Cold Stone filed a "Motion for Order to Show Cause," Doc. 11, requesting that the Court enter an order for Treglia to show cause why he is not in contempt of the Court's Order entered December 8, 2011. This Court issued an "Order to Show Cause," Doc. 13,

on February 16, 2012 granting Cold Stone's Motion. The Court ordered the United States Marshal to serve a copy of the Order personally upon Treglia. Personal service was not completed. The Court reissued its "Order to Show Cause," Doc. 14, and ordered Treglia to appear on March 27, 2012 and show cause why he should not be found in contempt of court. The United States Marshal personally served a copy of the Order upon Treglia on March 14, 2012.

On March 27, 2012, the Court held a show cause hearing. Treglia appeared and informed the Court that he would be proceeding *pro se*. He stated that he had consulted with a bankruptcy attorney and understood that if he filed for bankruptcy these proceedings might be stayed. The Court explained to Treglia that there was no motion to stay filed in this case and therefore, he must answer for why he had failed to comply with the Court's Order. Treglia stated that he had not understood all the paperwork and had finally sought legal counsel. He stated that he was planning to file bankruptcy but the process had taken longer than expected. Cold Stone represented to the Court that they are seeking answers to their discovery requests and that monetary sanctions would likely be futile based on Treglia's representations about impending bankruptcy. The Court explained the process to Treglia and emphasized the seriousness of his failure to comply with the Court's Order as well as the Court's ability to hold him in civil contempt for his failure to comply.

It is well established that a court may "punish by fine or imprisonment, at its discretion, such contempt of its authority [including] ... [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). Additionally, pursuant to Rule 37(b)(2), a court where an action is pending may sanction a party for failing to obey an order providing for discovery. Fed. R. Civ. P. 37(b)(2). Such sanctions include, but are not limited to, treating the failure to obey the order as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii).

Pursuant to these authorities, the Court finds Treglia has wilfully failed to comply with the

Court's December 8, 2011 Order, Doc. 10, compelling discovery. The Order clearly and unequivocally required Treglia to fully answer Cold Stone's post-judgment discovery requests, and pay $1,787.50. Treglia has failed to comply despite multiple opportunities to do so. The Court will allow Treglia the opportunity to comply with the Court's December 8, 2011 Order, Doc. 10, before recommending to Chief District Judge Robert J. Conrad, Jr., the District Judge assigned to this case, that Treglia be found in civil contempt and sanctioned until he complies with the Court's Order. Therefore, the Court orders Treglia to comply with the Court's December 8, 2011 Order within thirty (30) days, that is Treglia must respond to Cold Stone's Discovery Requests and pay Cold Stone $1,787.50 for attorneys' fees incurred by April 26, 2012. The Court will continue this matter for further hearing until May 8, 2012.

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED:

1. <u>Judgment Debtor Franco Treglia shall personally appear on Tuesday, May 8, 2012, at 11:00 a.m., in the Magistrate Courtroom, Charles R. Jonas Federal Building and U.S. Courthouse, 401 W. Trade St., Charlotte, North Carolina, 28202, to further show cause why he should not be held in contempt of court and sanctioned for failing to comply with the Court's December 8, 2011 Order, Doc. 10.</u>

2. Counsel for Cold Stone Creamery, Inc. shall also appear at the hearing.

3. If Judgment Debtor Treglia complies with the Court's Order by April 26, 2012, Cold Stone Creamery, Inc. shall file a notice with the Court and the hearing will be cancelled.

4. The Clerk is directed to send copies of this Memorandum and Order to the Plaintiff, counsel for Defendant; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED.**

Signed: March 27, 2012

David S. Cayer
United States Magistrate Judge